UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ILZIA CABRERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 23-cv-01402-BLF<br><br>**ORDER TRANSFERRING CASE**<br><br>[Re: ECF No. 18] |

Before the Court is Defendant Ford Motor Company's motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), transfer venue under 28 U.S.C. § 1404(a), and dismiss under Fed. R. Civ. P. 12(b)(6). ECF No. 18-1 ("Mot."). Plaintiffs Ilzia and John Cabrera (collectively "Plaintiffs") oppose the motion. ECF No. 20 ("Opp."). Ford filed a reply. ECF No. 22 ("Reply"). The Court found the motion suitable for disposition without oral argument and vacated the hearing set for October 5, 2023. ECF No. 30. For the following reasons, the Court GRANTS in part Ford's motion and transfers this case to the Southern District of California. The Court finds that venue is improper in the Northern District and, in the alternative, the balance of interests favors transfer to the Southern District.[1]

**I.    BACKGROUND**

On or about July 4, 2017, Plaintiffs purchased a 2017 Ford F-150 vehicle identification number 1FTEW1EP6HKC06861 ("Vehicle"). ECF No. 16 ("Am'd Compl.") ¶ 8. Plaintiffs purchased the Vehicle from El Centro Motors, which is located in El Centro, California. ECF No.

---

[1] Because the Court dismisses for improper venue, it need not reach Ford's argument that Plaintiffs' claims should be dismissed under Rule 12(b)(6). Thus, the Court DENIES Ford's Rule 12(b)(6) motion without prejudice to Ford renewing its arguments before the transferee court.

18-4 (contract of sale). The warranty contract for the Vehicle contained various warranties that Plaintiffs allege Ford breached. Am'd Compl. ¶ 9.

Between their purchase and the filing of this lawsuit, Plaintiffs brought the Vehicle to a repair facility multiple times. For example, in 2018, Plaintiffs brought the Vehicle to a Ford-authorized repair facility twice due to various "engine concerns" including shaking, smoke, misfires, and oil leaks. *Id.* ¶¶ 16–17. In 2019, Plaintiffs brought the Vehicle to a Ford-authorized repair facility due to the transmission "clunking when shifting in reverse or drive," engine oil leaks, and engine smoke. *Id.* ¶ 18. In 2020, Plaintiffs brought the Vehicle to a Ford-authorized repair facility due to smoke and the smell of fumes coming from the engine. *Id.* ¶ 19. In 2021, Plaintiffs brought the Vehicle to a Ford-authorized repair facility due to engine oil leaking and engine smoke. *Id.* ¶ 20. Finally, in 2022, Plaintiffs brought the Vehicle to a Ford-authorized repair facility due to a check engine oil light, engine oil leaking, and a failure to start. *Id.* ¶ 21. All of these repairs occurred at El Centro Motors. ECF No. 18-5 (standard claims list).

Plaintiffs brought this lawsuit, asserting four claims including violations of the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1793.2, and common law. Am'd Compl. ¶¶ 45–53.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Improper Venue

A defense of improper venue may be raised by motion under Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). "When the plaintiff asserts multiple claims, it must establish that venue is proper as to each claim." *Kaia Foods, Inc. v. Bellafiore*, 70 F.Supp.3d 1178, 1183 (N.D. Cal. 2014). "However, where venue exists for the principal claim, federal courts will also adjudicate closely related claims, even if there is no independent source of venue for the related claims." *Id.*

2

In ruling on a motion to dismiss based on improper venue, "the allegations in the complaint need not be accepted as true and the Court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Sols., Inc.*, 608 F.Supp.2d 1156, 1161 (N.D. Cal. 2009) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### B. Motion to Transfer Venue

Even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). An action "might have been brought" in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper. *See Doe v. Epic Games, Inc.*, 435 F.Supp.3d 1024, 1040 (N.D. Cal. 2020).

Courts in this District have regularly considered the following factors when deciding whether to transfer a case under § 1404(a): "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Doe v. Epic Games*, 435 F.Supp.3d at 1040; *see also Barnes & Noble, Inc. v. LSI Corp.*, 823 F.Supp.2d 980, 993 (N.D. Cal. 2011); *Vu v. Ortho–McNeil Pharm., Inc.*, 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009). None of these factors is dispositive, and "a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citation omitted). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

## III. DISCUSSION

### A. Request for Judicial Notice

Before turning to the parties' substantive arguments, the Court addresses the parties' requests for judicial notice. The Court may generally consider matters properly subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiffs request that the Court take judicial notice of Ford's Statement of Information, filed with the California Secretary of State. ECF No. 20. This document includes information about Ford, including its state of incorporation, principal office location, local office location, and the locations and names of its officers. ECF No. 21-1. The Court may take judicial notice of matters of public record, including records from the California Secretary of State. *Compliance Servs. of Am., LLC v. Houser Holdings, LLC*, No. 13-CV-01269-JST, 2013 WL 4169119, at *2 (N.D. Cal. Aug. 9, 2013) (taking judicial notice of California Secretary of State records); *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F.Supp.3d 1065, 1075 (E.D. Cal. 2016) (same). As such, Plaintiffs' request for judicial notice is GRANTED, as the document is a matter of public record and Ford does not dispute the document's authenticity. Fed. R. Evid. 201.

### B. Motion to Dismiss for Improper Venue

Ford argues that the Northern District of California is not the proper venue for this case because all of the relevant events occurred in El Centro, which is in the Southern District of California. Mot. at 3–5. Ford continues that it is a Delaware corporation, with a principal place of business in Michigan. Mot at 4; ECF No. 18-2 ¶ 2. Plaintiffs argue that, under the venue statute, Ford "resides" in the Northern District of California because Ford's "principal place of business in California" is in Palo Alto. Opp. at 1–2.

The Court finds that Plaintiffs have failed to meet their burden to show that venue is proper in this district. Venue is governed by 28 U.S.C. § 1391(b), which provides:

> **(b) Venue in general.**--A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or

4

>   omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Because Ford is a corporation, its residency for purposes of § 1391(b)(1) is further governed by § 1391(c)(2), which states that "an entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Finally, because California has more than one judicial district, a corporate defendant is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." 28 U.S.C. § 1391(d). Thus, the question of Ford's residency for purposes of § 1391(b)(1) requires the Court to consider whether, if the Northern District of California were its own state, the Northern District of California could exercise personal jurisdiction over Ford. *See Brackett v. Hilton Hotels Corp.*, 619 F.Supp.2d 810, 816 (N.D. Cal. 2008) (noting that the venue analysis "requires an analysis of personal jurisdiction" and that the Court must "treat the Northern District as if it were its own state for the purpose of establishing personal jurisdiction over defendants"); *see also Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F.Supp.2d 753, 761 (E.D. Pa. 2012) (same).

### i.   Section 1391(b)(1)

For purposes of § 1391(b)(1), Plaintiffs have failed to establish that the Northern District of California could exercise personal jurisdiction over Ford.

The Northern District could not exercise general personal jurisdiction over Ford. "For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general business contacts,' that 'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Plaintiffs do not allege that Ford has "continuous and systematic general business contacts" in the Northern

5

District. Instead, they argue that Ford has a principal place of business in Palo Alto because Ford maintains an office in Palo Alto. Opp. at 2. But this argument misunderstands the definition of a "principal place of business" for jurisdictional purposes. A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities"—which is usually the corporation's headquarters, "not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Ford is a Delaware corporation with its principal place of business in Michigan. ECF No. 18-2 ¶ 2. Plaintiffs point to Ford's Statement of Information filed with the California Secretary of State, which shows that Ford has an office in Palo Alto. ECF No. 21-1. But this document confirms that Ford's "Principal Office" is in Michigan and that its CEO, Secretary, and CFO are located in Michigan. ECF No. 21-1. Thus, Ford's Palo Alto office is not Ford's principal place of business. And thus, Plaintiff has not demonstrated that Ford is "essentially at home" in California. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Nor could the Northern District of California exercise specific personal jurisdiction. The Ninth Circuit has distilled three requirements for the exercise of specific personal jurisdiction over a nonresident defendant:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). As noted above, because the venue analysis requires the Court to consider personal jurisdiction as if the Northern District of California as if it were its own state, the Court

will analyze Ford's contact with the Northern District. *See Brackett*, 619 F.Supp.2d at 816.

Although Plaintiffs have established the first prong of the personal jurisdiction analysis with respect to the Northern District, they have failed to establish the second prong. The first prong of the analysis typically requires evidence that the defendant took "actions in the forum, such as executing or performing a contract there" such that the "defendant 'purposefully avails itself of the privilege of conducting activities within the forum.'" *Schwarzenegger*, 374 F.3d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Plaintiffs have shown that Ford purposefully availed itself of the privilege of conducting activities in the Northern District by showing that Ford holds an office in Palo Alto. *See Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *10 (N.D. Cal. Jan. 19, 2022) (holding that a branch office in California is sufficient to show purposeful availment); *Lee v. Netgain Tech., LLC*, No. 21CV1144-LL-MSB, 2022 WL 993552, at *5 (S.D. Cal. Apr. 1, 2022) (same). The second prong requires the Court to "consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). Plaintiffs have failed to demonstrate how their suit is related to Ford's activities in the Northern District. Indeed, all of the relevant events occurred in the Southern District: the vehicle was purchased in El Centro, ECF No. 18-4 (contract of sale), and each of the Vehicle's service events occurred in El Centro. ECF No. 18-5 (service history listing every service event as occurring at El Centro Motors). Because Plaintiffs have failed to meet their burden to establish both of the first two prongs, the Court need not reach the third prong of the personal jurisdiction analysis.

The Court concludes that because the Northern District when analyzed as its own state could not exercise personal jurisdiction over Ford, Ford does not "reside" in the Northern District for purposes of § 1391(b)(1).

### ii.     Section 1391(b)(2)

Second, the Court finds that venue would not be appropriate under § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims did not occur in the Northern District. As noted above, all of the relevant events, including the sale of the Vehicle and all service events,

1    occurred in the Southern District.  Plaintiffs have failed to specifically allege any events, let alone
2    a substantial part of those events, that occurred in the Northern District.  Thus, venue is improper
3    in the Northern District under § 1391(b)(2).

*       *       *

5    Because venue is improper, the Court "shall dismiss, or if it be in the interest of justice,
6    transfer such case to any district or division in which it could have been brought."  28 U.S.C.
7    § 1406(a).  But because "dismissal of an action that could be brought elsewhere is time-consuming
8    and justice-defeating," courts usually find that transfer is in the interest of justice.  *Miller v.*
9    *Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quotation marks omitted).  The Court so finds and
10   will thus transfer this case to the Southern District of California.

### C.    Motion to Transfer Venue

12   Even if venue was proper in the Northern District, the Court finds that discretionary
13   transfer under 28 U.S.C. § 1404(a) is appropriate.  Ford argues that discretionary transfer is
14   appropriate because all of the events giving rise to Plaintiffs' claims occurred in the Southern
15   District, counsel for both parties are located in Los Angeles and Orange County, and potential
16   witnesses are located in the Southern District.  Mot. at 5–7.  Plaintiffs argue that their choice of
17   forum should be given weight, Ford's monetary expenses and travel burdens should be given little
18   weight, and Ford has failed to specify any witnesses living in the Southern District that Ford might
19   call.  Opp. at 3.

20   In evaluating the various factors, the Court first finds that this action could have been
21   brought in the Southern District of California.  28 U.S.C. § 1404(a).  The Southern District of
22   California would have subject matter jurisdiction over the claims because diversity of citizenship
23   would be maintained; it would have personal jurisdiction over the parties because based on the
24   events as alleged, Ford has sufficient minimum contacts; and venue would be appropriate
25   considering that a significant part of the events underlying the action occurred in El Centro.

26   The Court next finds Ford has met its burden to show that the balance of convenience
27   favors transfer.  Plaintiffs' choice of forum weighs slightly against transfer.  Plaintiffs argue that
28   their choice of forum should be given weight.  Opp. at 2.  However, "[i]f a plaintiff's chosen

8

forum lacks a significant connection to the events that gave rise to the complaint, the deference given to the plaintiff is slight." *Hum. Res. Advantage, LLC v. Hanover Ins. Co.*, No. 121CV01610JLTBAM, 2022 WL 1214899, at *3 (E.D. Cal. Apr. 25, 2022). As noted above, Plaintiffs' claims are not connected to this judicial district.

On the other side of the scale, the convenience of both parties, convenience to witnesses, and ease of access to evidence weigh in favor of transfer. Plaintiffs reside in the Southern District of California, and all events connected to their claims took place there. ECF No. 18-4 (listing Plaintiffs' address in Calexico, California). Counsel for both parties are located closer to the Southern District than the Northern District. Moreover, potential witnesses and evidence are in the Southern District. Although Plaintiffs argue that Ford has failed to present specific information about potential witnesses, the Court finds Ford's arguments adequate. Ford notes that Plaintiffs are likely witnesses. Reply at 3. Moreover, the Vehicle was sold and serviced exclusively by El Centro Motors. ECF Nos. 18-4, 18-5. Thus, potential witnesses and relevant evidence are likely associated with El Centro Motors and are located in the Southern District. *See Hum. Res. Advantage*, 2022 WL 1214899, at *3–4 (noting that the relative convenience to the witnesses is the most important factor).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Ford Motor Company's Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3) and Transfer Venue under 28 U.S.C. § 1404(a) is GRANTED. This case SHALL be transferred to the Southern District of California.

2. Defendant Ford Motor Company's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is DENIED WITHOUT PREJUDICE to Ford refiling in the proper court.

Dated: September 26, 2023

BETH LABSON FREEMAN
United States District Judge

9